**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION**

| | | |
|---|---|---|
| **EFRAIN MALDONADO, JR.,** | § | |
| **TDCJ-CID NO. 459751,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. V-11-035** |
| | § | |
| **RICK THALER,** | § | |
| | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Efrain Maldonado, Jr., a TDCJ-CID inmate, has filed a Petition for a Writ of Mandamus seeking an order by this Court to the Texas Court of Criminal Appeals regarding an adjudication on a state application for a writ of habeas corpus.  (Dkt. No. 1.) The body of the pleading reveals that Maldonado intends to challenge the Court of Criminal Appeals decision to deny him habeas relief. The petition shall be denied.

Maldonado is serving a forty year sentence pursuant to a 1987 conviction out of Victoria County, Texas.  *State v. Maldonado*, No. 87-4-12,707 (24th Dist. Ct., Victoria County, Tex., Aug. 7, 1987).  He has filed four state applications for a writ of habeas corpus challenging the criminal conviction.  (*See* Petition, Dkt. No. 1 at 2.)  The Court of Criminal Appeals denied  Maldonado's first and second habeas applications without  written order.  *Ex parte Maldonado*, No. 70,898-01 (Tex. Crim. App. Nov. 5, 2008); *Ex parte Maldonado,* 70,898-02 (Tex. Crim. App. Feb. 4, 2009); *see also* Texas Court of Criminal Appeals Website, http://www.cca.courts.state.tx.us/opinions/. The other two applications were denied for abuse of the writ under Article 11.07, section 4 of the Texas Code Criminal Procedure.  *Ex parte Maldonado*, No. 70,898-03 (Tex. Crim. App. Oct. 13, 2010); *Ex parte Maldonado,* 70,898-04 (Tex. Crim. App. May. 11, 2011); *see also* Website.

Maldonado contends that the Court of Criminal Appeals abused its authority in the manner in which it administered his state habeas applications.  He specifically complains that the practice of issuing "white cards" instead of written opinions is unconstitutional and substantially denies him the right to seek relief by writ of habeas corpus.  (Dkt. No. 1 at 2.)  Maldonado further argues that the "white card" is not a proper adjudication under the Texas Constitution, the Texas Rules of Appellate Procedure, and Texas case law.  (*Id.*)  He alleges that he was not given proper notice of any hearings and was denied the opportunity to participate in any of the hearings held pursuant to his state applications before the Court of Criminal Appeals.  (*Id.* at 3.)  He further alleges that he has been denied a hearing on the merits of habeas challenge because of his "social-economical [*sic*] status."  (*Id.* at 2.) Maldonado requests that this court order a proper adjudication of his state habeas applications by the Court of Criminal Appeals. (*Id*. at 5.)

A writ of mandamus is an extraordinary remedy, one that is granted only in the clearest and most compelling cases where the party seeking mandamus shows that no other adequate means exist to attain the requested relief and that his right to the mandamus is "clear and indisputable." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). It cannot be used to compel an act that is based on individual judgment or discretion. *Einhorn v. DeWitt*, 618 F.2d 347 (5th Cir. 1980). Its application is limited to situations where it is necessary to compel a government official to perform "'a clear nondiscretionary duty.'" *Pittston Coal Group v. Sebben*, 109 S.Ct. 414, 424 (1988) (quoting *Heckler v. Ringer*, 104 S.Ct. 2013, 2022 (1984)). Such a duty must be a "specific, ministerial act" that is owed by a government officer to the applicant. *Dunn-McCampbell Royalty Interest, Inc. v. National Park Service*, 112 F.3d 1283, 1288 (5th Cir. 1997).

There is no basis to Maldonado's petition because the federal courts are without power to

issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Cross v. Thaler*, 356 Fed.Appx. 724, 725, 2009 WL 4884999, *1 (5th Cir. 2009) ("'[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.'"), *quoting Moye v. Clerk, DeKalb County Superior Court,* 474 F.2d 1275, 1275-76 (5th Cir.1973). *See also White v. Ward*, 145 F.3d 1139, 1140 (10th Cir. 1998) (district court did not have jurisdiction to issue writ of mandamus directing state court to rule on pending state habeas matter); *Van Sickle v. Holloway,* 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (lower federal courts do not have the authority to issue a writ of mandamus to "'direct state courts or their judicial officers in the performance of their duties'")(quoting *Haggard v. State of Tennessee,* 421 F.2d 1384, 1386 (6th Cir.1970)); *Clark v. State of Wash*. 366 F.2d 678, 681 (9th Cir. 1966).

If Maldonado had filed a petition pursuant to 28 U.S.C. § 2254 instead, he would not be entitled to habeas relief because the state is under no constitutional obligation to provide post-conviction remedies. *Millard v. Lynaugh*, 810 F.2d 1403, 1410 (5th Cir. 1987). Consequently, alleged irregularities in how the state courts respond to post conviction habeas applications do not serve as a basis for federal habeas relief. *Beazley v. Johnson*, 242 F.3d 248, 271 (5th Cir. 2001) ("[I]nfirmities in state habeas proceedings do not constitute grounds for relief in federal court."), (quoting *Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999); *Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995)).

## Conclusion

1.      The Declaration of Inability to Pay Costs (Docket No. 1-2), construed as an Application to Proceed *In Forma Pauperis*, is **GRANTED**.

2.      The Petition for a Writ of Mandamus filed by TDCJ-CID Inmate Efrain Maldonado, (Dkt. No. 1) is **DISMISSED** as legally baseless. 28 U.S.C. § 1915A.

3.      The Clerk is directed to provide a copy of the Memorandum and Opinion Order dismissing this action to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and the administrator in charge of the Sanctions List, United States District Court, Eastern District of Texas, Tyler Division, 2ll West Ferguson, Tyler, Texas 75702.

It is so **ORDERED.**

**SIGNED** on this 6th day of July, 2011.


                                                JOHN D. RAINEY
                                        SENIOR U.S. DISTRICT JUDGE

-4-